ORIGINAL

Prob 12C
(Rev. 3/95 D/HI)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 5 2002

at __2__ o'clock and _22_ min. _P_ m. _m._
WALTER A. Y. H. CHINN, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

U.S.A. vs. MICHELLE PADILLA,                          Docket No. CR 00-00302DAE-01
    aka Michelle Tulenkun and Judith Valenzuela

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MICHELLE PADILLA, aka Michelle Tulenkun and Judith Valenzuela who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 13th day of November 2000, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

2.  The defendant must participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3.  That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5.  That the defendant is to maintain full-time employment or part-time school and part-time employment. Defendant may also attend a community college or any appropriate vocational or educational program. If she completes her education, she must continue to be employed full-time.

On 5/1/2001, the Court modified the conditions of supervision and imposed the following special condition:

6.  Upon her release from confinement, defendant may stay at the Miller Hale Community Corrections Center for up to 120 days if a bed space becomes available, as directed by the Probation Office.

34

Prob 12C
(Rev. 3/95 D/HI)

2

On 9/12/2001, the Court revoked supervised release for the following violation:  1) Failure to report to Probation Office within 72 hours of release from custody of U.S. Bureau of Prisons.  The Court sentenced the subject to 6 months imprisonment, followed by 5 years of supervised release with the following special conditions:

1.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

2.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3.  That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5.  That the defendant is to maintain full-time employment or part-time school and part-time employment.  Defendant may also attend a community college or any appropriate vocational or education program.  If she completes her education, she must continue to be employed full-time.

6.  Upon release form confinement, defendant may stay at Miller Hale Community Corrections Center for up to 120 days, as directed by the Probation Office.

7.  The defendant is prohibited from associating with Steve Newland, Myron Lathan, and Lionel Rivera and anyone else known to be using drugs or involved in criminal activity.

8.  The defendant shall be subject to random drug testing for the first 3 years of supervised release.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his Supervised Release (Judgment in a Criminal Case and Probation Forms 7A and 12B attached) as follows:

1.  The subject admitted using heroin and cocaine on 8/3/2002 and 8/4/2002, in violation of the General Condition.

2.  The subject refused to comply with drug testing on 8/9/2002 and 8/12/2002, in violation of Special Condition No. 2.

3.  The subject failed to follow the instructions of the probation officer, in violation of Standard Condition No. 3.

Prob 12C
(Rev. 3/95 D/HI)

3

Based on the above, the U.S. Probation Officer recommends that a NO BAIL WARRANT be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

Respectfully submitted by,

_____
FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 8/15/2002

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 15th day of August, 2002, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
Chief U.S. District Judge

Re:    **PADILLA, Michelle, aka Michelle Tulenkun and Judith Valenzuela**
       **Criminal No. CR 00-00302DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The subject pled guilty to Counts 1 and 2: Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet From a Public Playground, Class B felonies. She was sentenced by Your Honor on 11/13/2000 to 12 months and 1 day imprisonment term as to each of Counts 1 and 3 of the Indictment, to run concurrently with each other. She was also sentenced to 6 years of supervised release as to each of Counts 1 and 2 of the Indictment, to run concurrently with each other with the special conditions noted on page one of the petition. On 9/12/2001, supervised release was revoked and she was sentenced to 6 months imprisonment, followed by 5 years supervised release. The violations and special conditions are noted on page one of the petition.

**VIOLATION NO. 1 (Admission of Heroin and Cocaine Use)**: On 8/6/2002, the subject submitted a urine specimen at the Probation Office. The subject admitted that she used heroin and cocaine on 8/3/2002 and 8/4/2002. The specimen was forwarded to PharmChem Laboratories, Inc., for confirmation, and the results have not yet been received.

**VIOLATION NO. 2 (Refusing to Comply With Drug Testing)**: On 8/9/2002 and 8/12/2002, the subject refused to submit to drug testing at the Drug Addiction Services of Hawaii, Inc. (DASH). The subject is required to call a prerecorded message daily to obtain instructions for submitting a urine specimen to DASH the following day. On 8/14/2002, the subject admitted that she had not called DASH because she continued to use heroin on a daily basis.

**VIOLATION NO. 3 (Failing to Follow Instructions of Probation Officer)**: As mentioned above in Violation No. 1, the subject admitted to using heroin and cocaine on 8/3/2002 and 8/4/2002. As a sanction, the subject was instructed by this officer to report in person daily to the Probation Office and to enter a residential substance abuse program as soon as possible. The subject also reported that she may be pregnant, but had not taken a pregnancy test. The subject failed to report as instructed on 8/7/2002. On 8/8/2002, the subject left a voice mail message with this officer that she completed an assessment at The Salvation Army Addiction Treatment Services (SAATS). SAATS confirmed that the subject was interviewed for placement in their Detox and residential substance abuse program. The subject was offered to enter Detox that same day, but the subject stated that she needed to take care of her belongings first. The subject was rescheduled to enter Detox on 8/13/2002. However, the subject failed to report to the program. On 8/14/2002, the subject called this officer to admit that she failed to enter the SAATS Detox program because she was using heroin and could not force herself to enter the program. The subject reported that she contacted the Detox program and they instructed her to call back at 4 p.m. for possible entry into their program on 8/14/2002. This officer confirmed that the subject was given this instruction. On 8/14/2002, the subject paged this officer at 8 p.m. to report that there was no bed space for her in the Detox program. She was instructed to call

Re:    **PADILLA, Michelle, aka Michelle Tulenkun and Judith Valenzuela**
       **Criminal No. CR 00-00302DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

them at 9 a.m. on 8/15/2002.  The subject called this officer at 9 a.m. on 8/15/2002 to report that there was still no bed space available and that she needed to call back at 12 p.m.  This officer confirmed with SAATS Detox that there is currently no bed space available for the subject.  Because the subject failed to report to Detox when a bed space was available on 8/13/2002, she must now remain on a waiting list.  The program reported that female bed space is rare because most beds are reserved for males.

Our office is very concerned that the subject continues to use heroin on a daily basis and may be pregnant.  Although the subject appeared amenable to entering a Detox and residential substance abuse program, she failed to follow through when guaranteed a bed space at SAATS.  The subject has a history of absconding from supervision and it appears necessary to remove her from the community for her own safety and that of her unborn child.  We respectfully recommend that the Court issue a no bail warrant for her appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  8/15/2002

FMC/pts

ORIGINAL

A.O 245B (Rev. 8/96) Sheet 1 - Judgment in _  .riminal Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 1 2000

at ____ o'clock and ____ min. ___ M
WALTER A. Y. H. CHINN, CLER

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA   NOV 21   P3:47

v.

**MICHELLE PADILLA**
**aka Michelle Tulenkun and Judith**
**Valenzuela**

U.S. PROBATION

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:   **1:00CR00302-001**

Donna Gray, AFPD
Defendant's Attorney

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): 1 and 2 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.
        Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 860(a) | Possess with intent to distribute and distribute cocaine base, a Schedule II controlled substance, within 1,000 feet of a playground | 7/8/00 & 7/10/00 | 1 & 2 |

        The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

        IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   ▆▆▆-1362

Defendant's Date of Birth:   ▆▆/75

Defendant's USM No.:   **87735-022**

Defendant's Residence Address:
**None**

Defendant's Mailing Address:
**None**

November 13, 2000
Date of Imposition of Judgment

Signature of Judicial Officer

**DAVID ALAN EZRA**, Chief United States District Judge
Name & Title of Judicial Officer

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District Hawaii
By _____
        Deputy

Nov. 21, 2000
Date

AO 245B (Rev. 8/96) Sheet 2 - Imprisonme

CASE NUMBER:        1:00CR00302-001                                    Judgment - Page 2 of 7
DEFENDANT:          MICHELLE PADILLA
aka Michelle Tulenkun and Judith Valenzuela

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>12 months and 1 day</u>.

This is a term of TWELVE (12) months and ONE (01) day Imprisonment as to each of Counts 1 and 2 of the Indictment, to run concurrently with each other

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       Federal Women's Camp at Dublin, CA.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                     UNITED STATES MARSHAL


                                         By  _____
                                                     Deputy U.S. Marshal

AO 245B (Rev. 8/96)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:00CR00302-001 | Judgment - Page 3 of 7 |
| DEFENDANT: | MICHELLE PADILLA | |
| aka Michelle Tulenkun and Judith Valenzuela | | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 6 years .

This is a term of SIX (06) years Supervised Release as to each of Counts 1 & 2 of the Indictment, to run concurrently with each other.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]     The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised     se

| | |
|---|---|
| CASE NUMBER:          1:00CR00302-001 | Judgment - Page 4 of 7 |
| DEFENDANT:          MICHELLE PADILLA | |
| aka Michelle Tulenkun and Judith Valenzuela | |

# SPECIAL CONDITIONS OF SUPERVISION

1.   That the defendant is prohibited from possessing any illegal or dangerous weapons.

2.   The defendant must participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3.   That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.   Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5.   That the defendant is to maintain full time employment or part time school and part time employment. Defendant may also attend a community college or any appropriate vocational or educational program. If she completes her education, she must continue to be employed full time.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:       1:00CR00302-001                                    Judgment - Page 5 of 7
DEFENDANT:        MICHELLE PADILLA
aka Michelle Tulenkun and Judith Valenzuela

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $ |

[ ]  If applicable, restitution amount ordered pursuant to plea agreement .......... $____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]  The interest requirement is waived.

    [ ]  The interest requirement is modified as follows:

# RESTITUTION

[ ]  The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]  The court modifies or waives interest on restitution as follows:

[ ]  The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
|  | TOTALS: | $ ____ | $____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95)  Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER:          1:00CR00302-001 | Judgment - Page 6 of 7 |
| DEFENDANT:          MICHELLE PADILLA | |

aka Michelle Tulenkun and Judith Valenzuela

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔]  in full immediately; or

B    [ ]    $ _ immediately, balance due (in accordance with C, D, or E); or

C    [ ]   not later than _ ; or

D    [ ]   in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

AO 245S (Rev. 3/95) Sheet 6 - Statement of Reason

CASE NUMBER:        1:00CR00302-001                                    Judgment - Page 7 of 7
DEFENDANT:          MICHELLE PADILLA
aka Michelle Tulenkun and Judith Valenzuela

# STATEMENT OF REASONS



OPERATION WEED & SEED
TARGET AREA:
PALAMA - DOWNTOWN/CHINATOWN
OAHU, HAWAII

PROB. 12B
(7/93)

RECEIVED

'01 MAY -1 A11 :05

U.S. PROBATION OFFIC
HONOLULU

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY  1 2001

at ___10___ o'clock and _____ min. _____ M.
WALTER A. Y. H. CHINN, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  MICHELLE PADILLA,              Case Number:  00-00302DAE-01
            aka Michelle Tulenkun and Judith Valenzuela

Name of Sentencing Judicial Officer:    The Honorable David Alan Ezra
                        Chief U.S. District Judge

Date of Original Sentence:  11/13/00

Original Offense:    Counts 1 and 2:  Possess With Intent to Distribute and Distribute
            Cocaine Base, a Schedule II Controlled Substance, Within
            1,000 Feet of a Playground, in violation of 21 U.S.C. § 860(a)

Original Sentence:   12 months and 1 day imprisonment as to each of Counts 1 and 2 of
            the Indictment, to run concurrently with each other and 6 years
            supervised release as to each of Counts 1 and 2 of the Indictment,
            to run concurrently with each other, with the following special
            conditions:  1) That the defendant is prohibited from possessing
            any illegal or dangerous weapons; 2) The defendant must
            participate in a substance abuse program, which may include drug
            testing at the discretion and direction of the Probation Office;
            3) That the defendant shall provide the Probation Office and the
            Financial Litigation Unit of the U.S. Attorney's Office access to any
            requested financial information to include submitting to periodic
            debtor's examinations as directed by the Probation Office;
            4) Without the prior approval of the Probation Office, the defendant
            shall not enter the "Operation Weed and Seed" target area which is
            bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street,
            Nimitz Highway, North King Street, Dillingham Boulevard, and
            Kokea Street, as depicted in the map to be attached to the
            Judgment; and 5) That the defendant is to maintain full-time
            employment or part-time school and part-time employment.
            Defendant may also attend a community college or any appropriate
            vocational or educational program.  If she completes her education,
            she must continue to be employed full-time.

Prob 12B
(7/93)

2

Type of Supervision:  Supervised Release          Date Supervision Commenced:  n/a

## PETITIONING THE COURT

[ ]    To extend the term of supervision for _ years, for a total term of _ years.
[✓]    To modify the conditions of supervision as follows:

6.    Upon her release from confinement, defendant may stay at the Miller Hale
      Community Corrections Center for up to 120 days if a bed space becomes
      available, as directed by the Probation Office.

## CAUSE

The 25-year-old subject is presently incarcerated at the Federal Prison Camp in
Dublin, California.  In planning for her upcoming release, the subject notified our office
that she has no ties to this district and no residence.  She asked for assistance with
housing as she will be homeless upon her 5/24/01 release from confinement.

We believe that a 120-day stay at Miller Hale can assist the subject by providing
her with a safe environment while she secures employment and has the opportunity to
make short-term plans for her future.  The subject has agreed to this placement and the
modification of her supervised release conditions.

According to Director Mary E. Pipino of Miller Hale, a bed space has been
tentatively held for the subject.  However, she cannot accommodate the subject until
5/29/01.  Director Pipino also warned that the U.S. Bureau of Prisons (BOP) has
referred other residents and she may have to give preference to BOP referrals.
Therefore, a bed space may or may not be available when the subject is released from
confinement.

In light of the tentative nature of the vacancies at Miller Hale, the Court should be
aware that placement there may be impossible.  However, we recommend that the
special condition be added.  Although Miller Hale is our choice of placements, we are
making alternative plans.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised
Release.  The subject waives her right to a hearing and to assistance of counsel.  The
subject agrees to the modification of the conditions of supervised release.  The

Prob 12B
(7/93)

3

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*Carolyn LK Hall*

CAROLYN L.K. HALL
U.S. Probation Officer

Approved by:

ALVIN G. HO, Supervising
U.S. Probation Officer

Date: 4/25/01

THE COURT ORDERS:

[ ✓ ]   The Modification of Conditions as Noted Above
[   ]   Other

DAVID ALAN EZRA
Chief U.S. District Judge

4 30 01
Date

PROB 49
(5/98)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.

[ X ]   To modify the conditions of supervision as follows:

6    *Upon her release from confinement, defendant may stay at the Miller Hale Community Corrections Center for up to 120 days if bed space becomes available, as directed by the Probation Office.*

Witness: *Carolyn K. Hall*
CAROLYN L.K. HALL
U.S. Probation Officer

Signed: *Michelle Padilla*
MICHELLE PADILLA
Supervised Releasee

*4-25-01*
Date

PROB 7A
(Rev. 9/005, D/HI 12/00)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:      MICHELLE PADILLA                                  Docket No.  CR 00-00302DAE-01
Address:  1547 Miller St.
          Honolulu, HI  96813

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra,  Chief U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 5 YEARS commencing 2/25/2002.

While on supervised release, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

*M. Padilla*
*7/8/02 —*

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

***(See attached page for continuation of conditions.)***

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X *Michelle Padilla*                    X 3·1·02
MICHELLE PADILLA, Defendant                      Date

*Frank M. Condello II*                           3/1/02
FRANK M. CONDELLO, II                            Date
U.S. Probation Officer

RE:    PADILLA, Michelle
       Criminal No. CR 00-00302DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

(1)    *The defendant is prohibited from possessing any illegal or dangerous weapons.*

(2)    *The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(3)    *The defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.*

(4)    *Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.*

(5)    *The defendant shall maintain full-time employment or part-time school and part-time employment. Defendant may also attend a community college or any appropriate vocational or education program. If she completes her education, she must continue to be employed full-time.*

(6)    *Upon release from confinement, defendant may stay at Miller Hale Community Corrections Center for up to 120 days, as directed by the Probation Office.*

(7)    *The defendant is prohibited from associating with Steve Newland, Myron Lathan, and Lionel Rivera and anyone else known to be using drugs or involved in criminal activity.*

(8)    *The defendant shall be subject to random drug testing for the first 3 years of supervised release.*