Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 2 9 2002

at 10 o'clock and 40 min. a/PM
WALTER A. Y. H. CHINN CLERK

U.S.A. vs.  MICHELLE PADILLA,                          Docket No.  CR 00-00302DAE-01
            aka Michelle Tulenkun and Judith Valenzuela

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MICHELLE PADILLA who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 12th day of September 2001, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1.  That the defendant is prohibited from possessing any illegal or dangerous weapons.

2.  That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3.  That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

4.  Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5.  That the defendant is to maintain full-time employment or part-time school and part-time employment.  Defendant may also attend a community college or any appropriate vocational or education program.  If she completes her education, she must continue to be employed full-time.

6.  Upon release from confinement, defendant may stay at Miller Hale Community Corrections Center for up to 120 days, as directed by the Probation Office.

7.  The defendant is prohibited from associating with Steve Newland, Myron Lathan, and Lionel Rivera and anyone else known to be using drugs or involved in criminal activity.

8.  The defendant shall be subject to random drug testing for the first 3 years of supervised release.

43

Prob 12C
(Rev. 3/95 D/HI)

2

On 9/3/2002, the subject was brought before Your Honor to address violations of her supervised release.  The subject was continued on supervision, and on 9/4/2002, Your Honor modified the conditions of supervision to include the following:  The terms and conditions of defendant Michelle Padilla's supervised release shall be modified to include intensive, residential treatment for substance abuse, with the first 2 weeks paid for by the United States Probation Office.  Defendant shall be released to an acceptable facility, such as Hina Mauka, only upon availability of space in that program.  Upon any violation of the terms and conditions of supervised release or the rules of the residential treatment program, the United States Probation Office shall notify both the Court and the Office of the United States Attorney.  The Office of the United States Attorney will then move the Motion for an Order to Show Cause Why Supervised Release Should Not be Revoked back on the Court calendar for further hearing.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her Supervised Release (Probation Form 7A and Order Modifying Terms and Conditions of Supervised Release attached) as follows:

1. The subject's urine specimens submitted on 8/6/2002 and 8/15/2002 tested positive for heroin and cocaine, in violation of the General Condition.

2. The subject refused to comply with drug testing on 8/9/2002 and 8/12/2002, in violation of Special Condition No. 2.

3. The subject failed to follow the instructions of the probation officer, in violation of Standard Condition No. 3.

4. The subject failed to attend Hina Mauka Intensive Outpatient substance abuse counseling on 10/22/2002, in violation of Special Condition No. 2.

5. The subject failed to notify the Probation Officer 10 days prior to any change in residence, in violation of Standard Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] No Action

[ ] Other

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

ELIZABETH A. KERWOOD
Deputy Chief U.S. Probation Officer

Date: 10/25/2002

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 25th day of October, 2002, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
Chief U.S. District Judge

Re:    **PADILLA, Michelle, aka Michelle Tulenkun and Judith Valenzuela**
       **Criminal No. CR 00-00302DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The subject pled guilty to Counts 1 and 2: Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet From a Public Playground, Class B felonies. She was sentenced by Your Honor on 11/13/2000 to 12 months and 1 day imprisonment as to each of Counts 1 and 2 of the Indictment, to run concurrently with each other. She was also sentenced to 6 years of supervised release as to each of Counts 1 and 2 of the Indictment, to run concurrently with each other. On 9/12/2001, supervised release was revoked for failing to report to the Probation Office within 72 hours of release from custody by the U.S. Bureau of Prisons. She was sentenced to 6 months imprisonment, followed by 5 years supervised release. The special conditions are noted on page one of the petition.

**VIOLATION NO. 1 - Urine Specimens Tested Positive for Heroin and Cocaine**: On 8/6/2002, the subject submitted a urine specimen at the Probation Office. The subject admitted that she used heroin and cocaine on 8/3/2002 and 8/4/2002. The specimen was forwarded to PharmChem Laboratories, Inc., for confirmation. On 8/22/2002, it was confirmed by PharmChem that the 8/6/2002 urine specimen tested positive for morphine, hydromorphone, and cocaine. On 8/15/2002, the subject submitted a urine specimen at the Probation Office. The subject admitted that she used heroin and cocaine on 8/13/2002. On 8/28/2002, our office received confirmation from PharmChem that the urine specimen submitted on 8/15/2002 was positive for morphine, codeine, hydromorphone, and cocaine.

**VIOLATION NO. 2 - Refusing to Comply With Drug Testing**: On 8/9/2002 and 8/12/2002, the subject refused to submit to drug testing at the Drug Addiction Services of Hawaii, Inc. (DASH). The subject is required to call a prerecorded message daily to obtain instructions for submitting a urine specimen to DASH the following day. On 8/14/2002, the subject admitted that she had not called DASH because she continued to use heroin on a daily basis.

**VIOLATION NO. 3 - Failing to Follow Instructions of Probation Officer**: As mentioned above in Violation No. 1, the subject admitted to using heroin and cocaine on 8/3/2002 and 8/4/2002. As a sanction, the subject was instructed by this officer to report in person daily to the Probation Office and to enter a residential substance abuse program as soon as possible. The subject also reported that she may be pregnant, but had not taken a pregnancy test. The subject failed to report as instructed on 8/7/2002. On 8/8/2002, the subject left a voice mail message with this officer that she completed an assessment at The Salvation Army Addiction Treatment Services (SAATS). SAATS confirmed that the subject was interviewed for placement in their Detox and residential substance abuse program. The subject was offered to enter Detox that same day, but the subject stated that she needed to take care of her belongings first. The subject was rescheduled to enter Detox on 8/13/2002. However, the subject failed to report to the program. On 8/14/2002, the subject called this officer to admit that she failed to enter the SAATS Detox program because she was using heroin and could not force herself to enter the program. The

Re:    **PADILLA, Michelle, aka Michelle Tulenkun and Judith Valenzuela**
**Criminal No. CR 00-00302DAE-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

subject reported that she contacted the Detox program and they instructed her to call back at 4 p.m. for possible entry into their program on 8/14/2002. This officer confirmed that the subject was given this instruction. On 8/14/2002, the subject paged this officer at 8 p.m. to report that there was no bed space for her in the Detox program. She was instructed to call them at 9 a.m. on 8/15/2002. The subject called this officer at 9 a.m. on 8/15/2002 to report that there was still no bed space.

**VIOLATION NO. 4 - Failing to Attend Hina Mauka Intensive Outpatient Counseling**: From 9/5/2002 to 10/1/2002, the subject attended the Hina Mauka residential substance abuse program. Upon completion of the residential portion of the program, the subject was required to attend the Hina Mauka Intensive Outpatient program. This consists of at least 24, 3-hour sessions that meet 3 times per week. On 10/22/2002, the subject failed to show for her scheduled treatment session. This violation has not been addressed with the subject because her whereabouts are unknown.

**VIOLATION NO. 5 - Failing to Notify Probation Officer 10 Days Prior to Any Change of Address**: On 10/1/2002, the subject moved into a clean and sober house approved by the Hina Mauka residential treatment program. On 10/22/2002, this officer was informed by the house manager, Sheree Allen, that the subject failed to return home on 10/20/2002 and had not been heard from since. This officer attempted to contact the subject through her last known cellular telephone number, but discovered that it was no longer in service. This officer also contacted the subject's boyfriend, who stated that he had not heard from the subject since 10/20/2002. He denied knowing of her whereabouts and was concerned for her safety. The subject at no time requested or received permission to change her residence and has failed to contact our office in any way to provide her current residence.

The subject has now failed during two terms of supervised release. After receiving multiple violations for heroin and cocaine use and failing to enter a detox program for her continued drug use, the subject was allowed to continue on supervision to attend residential treatment. Although she complied with the residential portion of the program, she has since absconded from supervision and has failed to comply with the Intensive Outpatient portion of the treatment program. The subject has a history of absconding from supervision and may have returned to illicit drug use. Because her whereabouts are unknown, we

Re:    **PADILLA, Michelle, aka Michelle Tulenkun and Judith Valenzuela**
       **Criminal No. CR 00-00302DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

respectfully recommend that the Court issue a no bail warrant for her appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

ELIZABETH A. KERWOOD
Deputy Chief U.S. Probation Officer

Date:  10/25/2002

FMC/pts

PROB 7A
(Rev. 9/005, D/HI 12/00)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:        MICHELLE PADILLA                                Docket No.  CR 00-00302DAE-01
Address:   1547 Miller St.
           Honolulu, HI  96813

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra,  Chief U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 5 YEARS commencing 2/25/2002.

While on supervised release, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[  ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

*M. Padilla*
*7/8/02 —*

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

***(See attached page for continuation of conditions.)***

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) x *Michelle Padilla*                          x 3·1·02
MICHELLE PADILLA, Defendant                              Date

*Frank M. Condello II*                                   3/1/02
FRANK M. CONDELLO, II                                    Date
U.S. Probation Officer

RE:    PADILLA, Michelle
       Criminal No. CR 00-00302DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

*(1)    The defendant is prohibited from possessing any illegal or dangerous weapons.*

*(2)    The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(3)    The defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.*

*(4)    Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.*

*(5)    The defendant shall maintain full-time employment or part-time school and part-time employment. Defendant may also attend a community college or any appropriate vocational or education program. If she completes her education, she must continue to be employed full-time.*

*(6)    Upon release from confinement, defendant may stay at Miller Hale Community Corrections Center for up to 120 days, as directed by the Probation Office.*

*(7)    The defendant is prohibited from associating with Steve Newland, Myron Lathan, and Lionel Rivera and anyone else known to be using drugs or involved in criminal activity.*

*(8)    The defendant shall be subject to random drug testing for the first 3 years of supervised release.*

ORIGINAL
RECEIVED

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 4 2002

4 o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

LODGED

SEP 0 4 2002

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII



EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

'02 SEP -5 P3:54

CONSTANCE A. HASSELL
Assistant U.S. Attorney    U.S. PROBATION OFFICE
Room 6100, PJKK Federal Building HONOLULU. HAWAII
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )    CR. NO. 00-00302 DAE
                             )
              Plaintiff,     )
                             )
                             )    ORDER MODIFYING TERMS AND
          vs.                )    CONDITIONS OF SUPERVISED
MICHELLE PADILLA,            )    RELEASE
                             )
                             )
              Defendant.     )
_____)

ORDER MODIFYING TERMS AND CONDITIONS OF SUPERVISED RELEASE

        The Government's Motion for an Order to Show Cause Why

Supervised Release Should Not be Revoked came on for further

hearing Before this Court on September 3, 2002, the Honorable

David A. Ezra, Chief Judge, United States District Court,

presiding.  Defendant Michelle Padilla was present, represented

by Donna Gray, Assistant Federal Public Defender.  The United

States was represented by Constance A. Hassell.

        After consideration of oral representations, written

submissions, and argument, and good cause therefor appearing, the

Court holds decision on this motion in abeyance, finding that a

modification of the terms and conditions of supervised release

shall best serve the interests of justice.

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii

By _____
                    Deputy

The terms and conditions of Defendant Michelle
Padilla's supervised release shall be modified to include
intensive, residential treatment for substance abuse, with the
first two weeks paid for by the United States Probation Office.
Defendant shall be released to an acceptable facility, such as
Hina Mauka, only upon availability of space in that program.

Upon any violation of the terms and conditions of
supervised release or the rules of the residential treatment
program, the United States Probation Office shall notify both the
Court and the Office of the United States Attorney.  The Office
of the United States Attorney will then move the Motion for an
Order to Show Cause Why Supervised Release Should Not be Revoked
back on the Court calendar for further hearing.

SO ORDERED: September ___4___, 2002, Honolulu, Hawaii.

_____

DAVID A. EZRA
Chief Judge
United States District Court

United States v. Michelle Padilla,
Cr. No. 00-00302 DAE, Order Modifying Terms and Conditions of
Supervised Release

2